# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-50529
Conference Calendar

OTHA THOMPSON

Plaintiff-Appellant

v.

TOM RICKOFF, Judge, 175th District Court; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-167

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Otha Thompson, Texas prisoner # 377030, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Thompson's motion to appeal IFP and certified under 28 U.S.C. § 1915(a)(3) that the appeal was not taken in good faith. By moving for leave to proceed IFP, Thompson is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Thompson asserts that he is indigent, although indigence was not an issue in the district court's denial of his IFP motion. Thompson also asserts that his complaint is not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because his claim rests on "strictly jurisdictional grounds." Thompson has not alleged or demonstrated that the sentence for which he is currently incarcerated has been reversed, declared invalid, or called into question. See id. His bare assertion that his claim is "strictly jurisdictional," without citation to authority or argument, is not adequately briefed. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Thompson has not shown that the district court erred in dismissing his complaint pursuant to Heck.

Thompson has not briefed a challenge to the district court's conclusion that the defendants enjoy immunity. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Thompson has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Thompson's request for leave to appeal IFP is denied, and his appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Thompson is cautioned that the dismissal of his suit by the district court pursuant to § 1915(e)(2)(B) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Thompson is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

MOTION  DENIED;  APPEAL  DISMISSED;  SANCTION  WARNING ISSUED.